IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELISA KIRKPATRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2084-SMY |
| | ) |
| COUNTY OF WILLIAMSON, ILLINOIS, | ) |
| ALLEN HODAPP, D.V.M., | ) |
| BRANDON ZANOTTI, | ) |
| JOE CERVANTEZ, JOHN CURRIE, | ) |
| BENNIE VICK, BRIAN THOMAS, | ) |
| RANDY PRITCARD, | ) |
| CARL THRELKELD, ED BARWICK, | ) |
| STACEY BALLARD, and JOHN DOES | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Elisa Kirkpatrick is a former veterinarian who was convicted of 10 felony and misdemeanor charges in 2016. Kirkpatrick filed this action pursuant to 42 U.S.C. § 1983 against Williamson County, Illinois and various private and state actors. She alleges she was wrongfully accused and charged with aggravated cruel treatment of an animal.

This matter is now before the Court for consideration of the motions to dismiss filed by Stacey Ballard (Doc. 19), Williamson County, Brandon Zanotti, Joseph Cervantez, John Currie, Bennie Vick, Brian Thomas, Randy Pritchard, Carl Threlkeld, and Edward Barwick (the "County Defendants") (Doc. 26), and Allen Hodapp, D.V.M. (Doc. 31). Kirkpatrick responded (Docs. 24, 30, 38). For the following reasons, Defendants' motions are **GRANTED**.

## Background

The following factual allegations are taken from Kirkpatrick's Complaint and the state court proceedings[1] and are deemed true for the purposes of this motion. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008): Kirkpatrick is a former veterinarian. On the afternoon of May 22, 2015, Kirkpatrick performed abdominal surgery on an 8-year-old male pit bull named Chief Snoddy. The surgery occurred at Kirkpatrick's home on her kitchen island. Kirkpatrick removed a large grapefruit sized tumor during the surgery. She monitored Chief until the early evening when she left her home to attend to another dog.

Kirkpatrick was contacted by Defendant Stacey Ballard who told her that Animal Control and the Williamson County Sheriff's Office were on her property looking through the windows of her house and seeking a search warrant to enter the premises. After obtaining a search warrant, authorities searched Kirkpatrick's home and discovered several distressed dogs, cats, and other animals found caged or penned on her premises, and several other animals that were loose on the premises both inside and outside her house. Authorities also found 50 to 60 decomposing animal carcasses and "layered" animal feces on the premises. *People v. Kirkpatrick*, 148 N.E.3d at 283. Among the dozens of animals on the property, the authorities found the Chief, "lying in a crate on the kitchen floor in 'obvious distress.'" *People v. Kirkpatrick*, 148 N.E.3d at 284. Authorities removed Chief from Kirkpatrick's home. Defendant Hodapp evaluated Chief at his veterinary clinic in Marion, Illinois on the morning of May 23, 2015. Chief died approximately 24 hours after being removed from Kirkpatrick's residence. Kirkpatrick alleges that the condition of her house was not illegal or a crime but admitted that the way she was living was not normal.

---

[1] The court can take judicial notice of matters of public record without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *Ramirez v. City of Chicago*, No. 08 C 5119, 2009 WL 1904416 (N.D. Ill. July 1, 2009) (*citing Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994)).

In June 2015, the Williamson County State's Attorney's Office charged Kirkpatrick with numerous violations of the Humane Care for Animals Act (510 ILCS 70/1, *et seq.*) and the Veterinary Medicine and Surgery Practice Act of 2004 (225 ILCS 115/1, *et seq.*). *See People v. Kirkpatrick*, 2020 IL App. 160422, 148 N.E.3d 279. Following a July 2016 bench trial, Kirkpatrick was found guilty on four counts of practicing veterinarian medicine without a valid license, six counts of violating an animal owner's duties, and one count of aggravated cruelty to a companion animal. In September 2020, the Illinois appellate court affirmed Kirkpatrick's convictions for violating an animal owners' duties and reversed the conviction for one count of aggravated cruelty to a companion animal.

Kirkpatrick asserts the following causes of action in the 137-page Complaint and seeks compensatory and punitive damages:

Count I: Fourteenth Amendment due process claim under 42 U.S.C. § 1983 against the County Defendants and Hodapp;

Count II: "Federal malicious prosecution" claim under 42 U.S.C. § 1983 against the County Defendants and Hodapp;

Count III: Malicious prosecution claim under state law against the County Defendants and Hodapp;

Count IV: Civil conspiracy claim under 42 U.S.C. § 1983 against the County Defendants and Hodapp;

Count V: Prosecution based on false evidence under 42 U.S.C. § 1983 against the County Defendants and Hodapp;

Count VI: "Failure to intervene" under 42 U.S.C. § 1983 against the County Defendants, Ballard, and Hodapp;

Count VII: *Monell* claim under 42 U.S.C. § 1983 against Defendant County of Williamson, Illinois;

Count VIII: "Abuse of process" claim under 42 U.S.C. § 1983 against the County Defendants and Hodapp;

Count IX: Fourth Amendment claim under 42 U.S.C. § 1983 against the County Defendants and Hodapp;

Count X: Intentional infliction of emotional distress claim against the County Defendants and Hodapp;

| | |
|---|---|
| Count XI: | State law defamation claim against Defendants Thomas and Hodapp; |
| Count XII: | Civil conspiracy claim under state law against the County Defendants and Hodapp; |
| Count XIII: | "Respondeat superior" claim under state law against Defendants County of Williamson, Zanotti, Vick, Thomas, and Barwick; |
| Count XIV: | "Indemnification" claim under state law against Defendant County of Williamson; and |
| Count XV: | State law negligent hiring, training, supervision, and discipline claim against Williamson County. |

## Discussion

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.

**County Defendants' Motion to Dismiss (Doc. 26)**

Kirkpatrick's allegations against the County Defendants arise from the events surrounding the May 2015 execution of the search warrant at her property, her subsequent arrest, and June 2016 trial. The County Defendants assert that Kirkpatrick's federal and state law torts claims are subject to immediate dismissal and/or are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), sovereign and/or prosecutorial immunity, the *Rooker-Feldman* doctrine, lack of subject matter jurisdiction, and/or the applicable statute of limitations.

The statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). A plaintiff can plead herself out of court on a statute of limitation basis if the face of the complaint reveals that the claim is time-barred. *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010).

Section 1983 claims borrow the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years. *See Lewis v. City of Chi.*, 914 F.3d 472, 478 (7th Cir. 2019). Relatedly, in Illinois, pursuant to the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101(a) ("Tort Immunity Act"), a civil action asserted against a local entity, or its employees must be "commenced within one year from the date that the injury was received, or the cause of action accrued." 745 ILCS 10/8-101(a).

Although state law determines the length of the limitations period, federal law determines when a constitutional claim accrues (and thus when the limitations period starts). *Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir.1992). Accrual generally occurs when a "plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* For § 1983 claims alleging false arrest, unlawful search and/or seizure, or failure to intervene, the statute of limitations begins to accrue at the time the plaintiff becomes detained pursuant to legal process. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). For the tort of malicious prosecution, accrual begins at the conclusion of the criminal proceedings and when the conviction or sentence has been invalidated or overturned. *Heck v. Humphrey*, 512 U.S. at 489–90.

Kirkpatrick's claims arise from the search and seizure of her home that occurred in May 2015, her arrest in May 2015, her trial in June 2016, and subsequent convictions. Her Fourth Amendment claims accrued on the date her home was searched and her property seized in May 2015; the Fourteenth Amendment due process claims, failure to intervene, "abuse of process", conspiracy, prosecution based on false evidence, and tort claims began accruing, at the earliest in May 2015 and at the very latest at the conclusion of her June 2016 trial; and her *Monell* claim accrued when her trial ended in July 2016. *See Wallace,* 549 U.S.at 389; *Rosado v. Gonzalez,* 832 F.3d 714, 718 (7th Cir. 2016). Therefore, these § 1983 claims (Counts I, IV, V, VI, VII, VIII, and IX) are time barred because Kirkpatrick did not file this lawsuit until September 6, 2022 – four and five years too late.

Similarly, Kirkpatrick's various malicious prosecution claims and state law claims against the County Defendants (Counts II, III, X, XI, XII, XIII, XIV, and XV) are time barred because she had only one year from the accrual dates to file her lawsuit. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) ("Illinois local governmental entities and their employees benefit from a one-year statute of limitations for civil actions against them. While the two-year period still applies to § 1983 claims against such defendants, the one-year period applies to state-law claims that are joined with a § 1983 claim."). Because the expiration of the statute of limitations is dispositive, the County Defendants' motion to dismiss is **GRANTED**.

### Defendant Ballard's Motion to Dismiss (Doc. 19)

Kirkpatrick's sole claim against Defendant Ballard is Count VI which alleges "failure to intervene" to "prevent the misconduct leading to the unlawful search of her property, seizure of her animals, malicious prosecution, false testimony, and unjust conviction" in violation of the Fourteenth Amendment. As previously stated, this claim is barred by the statute of limitations. Accordingly, Ballard's motion to dismiss is **GRANTED**.

### Defendant Hodapp's Motion to Dismiss (Doc. 31)

Kirkpatrick's claims against Hodapp arise from his role as a testifying witness. Hodapp moves to dismiss, asserting that as a witness, he has absolute immunity from liability. Additionally, Hodapp contends that he is not subject to suit under § 1983. Again, Kirkpatrick's § 1983 claims against Hodapp (Counts I, IV, V, VI, VII, VIII, and IX) are barred by the statute of limitations.

Kirkpatrick's state law defamation claim against Hodapp (Count XI) is barred by Illinois' one-year statute of limitations. *Muzikowski v. Paramount Pictures Corp.,* 322 F.3d 918, 923 (7th Cir. 2003) (Illinois imposes a one-year statute of limitations on all defamation actions that begins to run when the defamatory statement was published). Here, at the latest, Hodapp's alleged defamatory statements occurred during the course of his trial testimony in June 2016. The state law intentional infliction of emotional distress and civil conspiracy claims were also filed too late.

The only claims against Hodapp that are not time barred are Kirkpatrick's malicious prosecution claims under § 1983 (Count II) and state law (Count III).  That is because **malicious prosecution torts accrue at the conclusion of the criminal proceedings and when the conviction or sentence has been invalidated or overturned.**  *Heck v. Humphrey*, 512 U.S. at 489–90.  Kirkpatrick's criminal proceedings concluded when the Illinois Supreme Court denied the State's petition for leave to appeal on September 4, 2020.  As such, Kirkpatrick timely filed her lawsuit on September 6, 2022 because September 4, 2022 fell on a Sunday and September 5, 2022 was a holiday.  That said, Hodapp is still entitled to dismissal.

"Federal courts are rarely the appropriate forum for malicious prosecution claims [because] ... individuals do not have a federal right not to be summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause."  *Ray v. City of Chi.,* 629 F.3d 660, 664 (7th Cir. 2011) (internal quotation marks omitted).  Plaintiffs may "bring Section 1983 malicious prosecution suits [only] when the relevant state's law does not provide them with a way to pursue such claims."  *Id.; see also Newsom v. McCabe,* 256 F.3d 747, 750–751 (7th Cir. 2001).  Because Illinois law recognizes tort claims for malicious prosecution, Kirkpatrick cannot maintain a § 1983 claim for malicious prosecution.  *Ray,* 629 F.3d at 664; *Nelson v. Vill. of Lisle, Ill.,* 437 F. App'x 490, 496 (7th Cir. 2011).  Accordingly, Count II fails to state a claim.

Moreover, although her state law malicious prosecution claim against Hodapp is not barred by the statute of limitations, Hodapp has absolute immunity from suit.  Witnesses "enjoy absolute immunity" to ensure that they testify truthfully without fear of reprisal.  *Canen v. Chapman*, 847 F.3d 407, 415 (7th Cir. 2017).  The scope of their immunity is broadly construed to include preparation of testimony, testimony at pretrial proceedings, depositions, and affidavits.  *See Kowalski v. Boliker*, 893 F.3d 987, 1000 (7th Cir. 2018) (collecting cases).  This immunity also includes out-of-court conspiracies to present false testimony – at least with respect to the individual who will present the

testimony. *House v. Belford*, 956 F.2d 711, 720–21 (7th Cir. 1992). Therefore, Count II is also dismissed against Hodapp.

## Conclusion

For the foregoing reasons, the motions to dismiss filed by Defendants Stacey Ballard (Doc. 19), Williamson County, Brandon Zanotti, Joseph Cervantez, John Currie, Bennie Vick, Brian Thomas, Randy Pritchard, Carl Threlkeld, and Edward Barwick (Doc. 26), and Allen Hodapp, D.V.M. (Doc. 31) are **GRANTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED:  May 1, 2023**

**STACI M. YANDLE**
**United States District Judge**